## Case No. 2,756.

### The CITY OF MEXICO.

[7 Ben. 31.] [1]

District Court, E. D. New York. Oct., 1873.[2]

SEAMEN—ARTICLES—REPEAL — SHIPPING COMMISSIONER'S ACT.

1. By the maritime law, as well as by the act of 20th July, 1790 (1 Stat. 131; Rev. St. § 4520), a written contract is required to be made on the shipment of seamen. That requirement of the act of 20th July, 1790, was not repealed by Act June 7, 1872 (17 Stat. 262).

2. In the year 1873, a steamship bound from New York to the West Indies and Mexico, caused a crew to be shipped for that voyage by written shipping articles executed on board the ship before a notary public, and not before a shipping commissioner. Held, that this was in violation of the 13th section of the act of June 7, 1872, and that the ship had incurred the penalty provided by the 14th section. See sections 4512, 4513, Rev. St.

In admiralty.

G. W. Hoxie, Asst. U. S. Dist. Atty., and Benedict, Taft & Benedict, for the United States.

Salter & Cowing and John A. Parsons, for claimants.

BENEDICT, District Judge. The present is a proceeding to condemn the steamship City of Mexico in a penalty for an alleged shipment of seamen, contrary to the provisions of the act of June 7, 1872 [17 Stat. 262], entitled "An act to authorize the appointment of shipping commissioners by the several circuit courts of the United States to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen."

The facts are conceded to be, that the owners of the steamship City of Mexico caused a crew to be shipped on board that vessel, for a voyage from the port of New York to the West Indies and the republic of Mexico, by written shipping articles, executed by the crew on board their vessel, before a notary public, and not before the shipping commissioner. Such a shipment of a crew the government contends is in violation of the 13th section of the act referred to above, and renders the ship liable to a penalty of $200, as prescribed in the 14th section of that act.

The argument on the part of the vessel is, that the original act of 1790 [1 Stat. 131], which requires an agreement in writing or in print, in a certain form, with any mariner on any vessel bound from a port of the United States to any foreign port, is, as to vessels engaged in voyages like that of the City of Mexico, repealed by the passage of the ship-

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 14,797.]

ping commissioner's act of June 7th, 1872—the latter act being intended to be a substitute in such cases for the act of 1790; and that, by the amendment of the shipping commissioner's act of January 10th, 1873, vessels in voyages like that of the City of Mexico are excepted from the effect of the substitute. Consequently, it is claimed, all vessels bound to the West Indies and the republic of Mexico are exempted from any legal obligation to have any shipping articles; and, therefore, are not liable to any penalty for a shipment in violation of the act of 1872.

Upon this question my opinion is, that, in the present condition of the statutes, no such effect can justly be given to the shipping commissioner's act of 1872 as to work a repeal, by implication, of the original act of 1790. It is difficult to suppose that it was the intention of congress, by any provision in the act of 1872—an act declared to be intended "for the further protection of seamen"—to depart from the uniform practice of this government from its foundation, as of all maritime nations, in the regulation of the shipment of seamen, and to leave all seamen engaged in the extensive commerce included within the language of section 12 of the act, without any statutory protection as to the mode of hiring them. Such has not been the construction given to the act, in the practice of the merchants, nor was such the construction put upon it by the claimants in the present instance, for they caused the crew to be shipped in accordance with the act of 1790. The act of 1872, as also the act of 1790, recognizes and should be construed as in harmony with the rule of the general maritime law upon this subject. "The maritime law, as a general principle, requires seamen's contracts to be evidenced by writing." Ware, J., in The Crusader [Case No. 3,456]. By the general maritime law, then, as well as by the act of 1790, a written contract with this crew was doubtless required. Certainly such an agreement was not forbidden. But by section 13 of the act of 1872, certain rules are prescribed which are to be observed in respect to all written agreements procured to be executed by seamen, one of which is, that the agreement shall be signed by each seaman in presence of a shipping commissioner. There is much reason for the application of this rule in all cases,. for seamen are children. They sign anything placed before them, and such a rule is calculated to prevent the obtaining of their signatures as evidence of their agreement, except in the presence of a duly authorized officer charged with the duty of protecting them against imposition and fraud. It was for this reason, no doubt, that the 13th section of the act, which forbids the execution of a written contract with a seaman, except in the presence of the shipping commissioner, was made generally applicable to all written agreements with seamen. No

words in the section indicate an intention to limit its effect to the cases of agreements provided for in section 12, and I consider it applicable to every agreement made in writing by a sailor for his services on any vessel.

This provision of the law was disregarded in the shipment of the crew of this steamer; and by virtue of the 14th section of the act of 1872, which provides a penalty of $200 for receiving or accepting on board any merchant ship any seaman who has been "engaged or supplied contrary to the provisions of this act," the steamer became liable to that penalty. A decree must, accordingly, be entered condemning the steamer in the sum of $200 and costs.

[NOTE. The claimants appealed to the circuit court, where the decree of the district court was affirmed. See Case No. 14,797.]